**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

DOROTHY ALLEN,

Plaintiff,

vs. No. CIV 08-0733 JB/RHS

ALLSTATE INSURANCE COMPANY,
AND BETTY ALDERETE,

Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Memorandum Motion to Remand to State Court for Lack of Federal Jurisdiction and for Award of Costs and Fees, filed September 5, 2008 (Doc. 12)("Motion to Remand"). The Court held a hearing on October 29, 2008. The primary issue is whether Plaintiff Dorothy Allen fraudulently joined Defendant Betty Alderete, an employee of Defendant Allstate Insurance Company and a non-diverse defendant, to defeat diversity jurisdiction. Because the Court concludes that Allen has a potential cause of action against Alderete, the Court will grant the motion in part and remand the case to state court. The Court will also, however, deny the Motion to Remand in part and not award fees and costs because Allstate had an objectively reasonable basis for removing this case.

**PROCEDURAL BACKGROUND**

Allen initiated this action by filing a Complaint in state court joining as Defendants Allstate and Alderete, an Allstate claims representative.[1] Allstate removed this case to the United States District Court of New Mexico on the basis of diversity of citizenship. See Notice of Removal ¶ 7,

---

[1] Claims representative is Alderete's official title at Allstate; what her role was in the events leading to this case is disputed.

at 2, filed August 6, 2008 (Doc. 1). Allstate asserted that Allen is a citizen of New Mexico, while "Allstate is an Illinois corporation with its principal place of business in Illinois." Id. ¶¶ 8-9, at 2. Allstate contended that Alderete, who is a New Mexico resident, could not be considered in determining whether diversity existed because Allen had no valid cause of action against her, making her joinder fraudulent. See id. ¶ 11, at 2-3. Allstate incorporated by reference a forthcoming motion to dismiss as part of its argument on fraudulent joinder. See id. at 3. Allstate and Alderete subsequently filed motions for judgment on the pleadings. See Allstate Insurance Company's Motion for Judgment on the Pleadings, filed August 13, 2008 (Doc. 5); Defendant Betty Alderete's Motion for Judgment on the Pleadings, filed August 13, 2008 (Doc. 6). The arguments advanced in these motions are substantially the same as those raised in the context of the Motion to Remand.

Allen moves the Court to remand this case to state court, arguing that Allstate has failed to meet its burden of showing that her joinder of Alderete was fraudulent. She emphasizes that the standard for showing fraudulent joinder is stringent and that all ambiguities in state law must be resolved in her favor. See Motion to Remand at 3-6. She maintains that the proper standard requires Allstate to show that her claims are "wholly frivolous and insubstantial." Id. at 7 (quotation marks omitted).

Allen's briefing focuses on two claims brought against Alderete: (i) personal and knowing violations of the Unfair Claims Practices Act ("UCPA"), NMSA 1978, § 59A-16-20; and (ii) intentional interference with Allen's contractual rights as a third-party beneficiary of the Mandatory Financial Responsibility Act ("MFRA"), NMSA 1978, §§ 66-5-201 to 239. She contends that the New Mexico Court of Appeals has held that there is a private cause of action under the UCPA against insurance adjusters and that Alderete's affidavit declaring that Alderete was not acting as

an adjuster raises a disputed issue of fact. See Motion to Remand at 10-11. Allen further contends that Alderete interfered or conspired to interfere with Allen's rights as a third-party beneficiary to an insurance contract, and that her pleadings meet the elements New Mexico has established for tortious interference with contractual relations. See id. at 11-12. In sum, Allen maintains that her Complaint sets forth "possibly viable" claims against Alderete, which is all that is required. Id. at 13. In addition to remand, she requests that the Court grant her costs and attorney's fees. See id. ¶ 2, at 14.

Allstate counters that New Mexico law does not recognize either cause of action Allen has asserted against Alderete. In addition, according to Allstate, Allen's "factual allegations about Ms. Alderete are patently and demonstrably false." Allstate Insurance Company's Response to Motion for Remand at 2, filed December 7, 2008 (Doc. 22). Allstate argues that the UCPA expressly limits private suits to actions against insurers or agents, and Alderete is neither. See Response at 4-6. Allstate also argues that Alderete was not an adjuster as the Insurance Code defines the term and that, even if she were, Hovet v. Allstate Ins. Co., 135 N.M. 397, 89 P.3d 69 (2004), "explicitly rejected" the possibility of a private UCPA claim against an insurance company's employees. Response at 7. Allstate further argues that the "basic tenets of statutory construction" do not allow the term "insurer" to be read as including adjusters. Id. at 8. Allstate also maintains that the UCPA's requirement that "private adjusters obtain a bond . . . 'to pay actual damages resulting . . . from [any] violation of law by the licensee while acting as an adjuster'" does not create or imply a private cause of action under the UCPA, because it merely assures that damages can be collected from an adjuster's violation of existing causes of action outside the UCPA. Response at 10 (quoting N.M.S.A. 1978, § 59A-13-5). Allstate goes on to argue that the case of Dellaira v. Farmers Ins. Exchange, 136 N.M. 552, 102 P.3d 111 (Ct.App. 2004), upon which Allen relies, is distinguishable.

See Response at 11. Finally, Allstate contends that canons of statutory construction and the UCPA's legislative history indicate that the phrase "and persons" in the UCPA is not broad enough to encompass Alderete. Response at 12-15.

Allstate also argues that Allen's claim of interference with contractual rights is a non-existent cause of action in New Mexico. Allstate maintains that the common law does not create third-party beneficiaries to insurance contracts. Rather, Allstate contends, such status is conferred only under the UCPA, and Allen has no private cause of action against an adjuster under the UCPA. See Response at 15-16. According to Allstate, even if such a cause of action existed, Alderete could not be liable for interfering with a contractual relationship because she was Allstate's employee and thus had a legal privilege to interfere with her principal's contract with a third-party. See id. at 16.

Allstate further contends Allen lacks "any good-faith basis for averring that Ms. Alderete acted as an adjuster of" Allen's claim. Id. at 17. Allstate argues that the Court can and should look beyond the pleadings. Doing so, Allstate maintains, reveals that Jena Wilmoth, not Alderete, was the adjuster on Allen's claim and also reveals that Allen was aware of this fact before she filed her lawsuit naming Alderete as a Defendant. See id. at 17-18. Allstate concludes by arguing that a court may exercise discretion under rule 21 of the Federal Rules of Civil Procedure to drop Alderete from the lawsuit and preserve diversity because Alderete's presence is not necessary to provide complete relief to Allen. See Response at 18-19.

In reply, Allen argues that Allstate ignores the governing standard of a fraudulent joinder claim. Allen contends Allstate has failed to prove fraudulent joinder with the requisite certainty, while Allen has met her burden of establishing a reasonable basis for her claims against Alderete. See Memorandum Reply on Motion to Remand for Lack of Federal Jurisdiction and for Award of Costs and Fees at 3-4, filed October 16, 2008 (Doc. 23)("Reply"). "In fact," Allen asserts,

"Allstate's own complex legal reasoning and analysis of New Mexico law proves" that the case should be remanded. Id. at 5.

Allen argues that Hovet v. Allstate Ins. Co. forbids only a common-law bad-faith action and does not foreclose other common-law claims a third-party claimant might have. See Reply at 5. In fact, Allen maintains, New Mexico law has long recognized various common-law causes of action against adjusters, which N.M.S.A. 1978, § 59A-16-30, has expressly preserved. See Reply at 5. Allen also contends that Allstate's attempt to distinguish Dellaira v. Farmers Ins. Exchange is unavailing. See Reply at 6. Allen further maintains that in New Mexico a corporate employee can be liable for intentional interference with his or her employer's contracts. See id. Allen points out that the Honorable James Parker, then-United States District Judge for the United States District Court for the District of New Mexico, has rejected Allstate's arguments that an adjuster cannot be individually liable under the UCPA or a the common law. See Reply at 6-7 (citing Blanks v. Allstate Ins. Co., No. CV 00-0609 JP, Memorandum Opinion and Order, filed November 17, 2000 (Doc. 19)(D.N.M.)(Parker, J.)). Finally, Allen argues that Allstate's request that the Court exercise its discretion under rule 21 to drop Alderete from the case ignores the presumption against removal jurisdiction. See Reply at 7.

At the hearing, the Court expressed its concerns that it was unclear whether the Complaint stated a cause of action for tortious interference with contract, for a UCPA violation, or for both. See Transcript of October 29, 2008 Hearing at 4:18-5:9 (Court)("Tr.").[2] David Berardinelli, Allen's counsel, clarified that Allen was asserting a UCPA claim, but was perhaps not asserting interference

---

[2] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

with contract under the common law. See id. 5:23-6:1 (Court, Berardinelli).[3] Timothy Strong, counsel for Allstate, stated that he agreed that the standard for fraudulent joinder was stricter than for dismissal under 12(b)(6), but that the Court could still "pierce the pleadings" and consider the record. Tr. at 8:21-9:4 (Strong).

Stephen Simone, co-counsel for Allstate, discussed Alderete's position with Allstate, explaining that she was a processor dealing with medical forms. See id. at 36:8-38:6 (Simone, Court). Mr. Berardinelli stated that, whatever her title, Alderete had acted in the role of an adjuster and had communicated with Allen, as Allstate's letters revealed. See id. at 38:9-40:9 (Berardinelli). Mr. Strong represented that he believed there was no good-faith basis for Allen to allege that Alderete had been involved in advising Allstate's insured of rights to settle or litigate, acts that an adjuster would undertake. See id. at 47:22-48:2 (Strong). Mr. Berardinelli argued that Alderete's affidavit was ambiguous and did not establish that she had not performed functions that an adjuster would. See id. at 53:7-16 (Berardinelli).

**LAW REGARDING FRAUDULENT JOINDER**

"The case law places a heavy burden on the party asserting fraudulent joinder." Montano v. Allstate Indemnity Co., 211 F.3d 1278, 2000 WL 525592 at *1 (10th Cir.)(Table)(unpublished opinion). The United States Court of Appeals for the Tenth Circuit, in Montano v. Allstate Indemnity Co., quoted favorably from Hart v. Bayer Corp., 199 F.3d 239 (5th Cir. 2000), which stated:

> To prove their allegation of fraudulent joinder [the removing parties] must demonstrate that there is no possibility that [plaintiff] would be able to establish a

[3] While it is clear that Mr. Berardinelli clarified that Allen was bringing a UCPA claim, it is not clear that he was conceding that the Complaint did not state a claim for interference with contract.

> cause of action against [the joined party], in state court. In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party. We are then to determine whether that party has any possibility of recovering against the party whose joinder is questioned.

Hart v. Bayer Corp., 199 F.3d at 246 (quotation omitted; brackets in original). In Smoot v. Chicago, Rock Island & Pac. R.R. Co., 378 F.2d 879 (10th Cir. 1967), the Tenth Circuit found fraudulent joinder because the non-liability of the joined party was "established with complete certainty upon undisputed evidence." Id. at 882. "This does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." Id. In Smoot v. Chicago, Rock Island & Pac. R.R. Co., the plaintiff had died when his car collided with a freight train. The plaintiff's estate sued the railroad company and joined a non-diverse alleged employee as a defendant. It was undisputed in Smoot v. Chicago, Rock Island & Pac. R.R. Co., that the diversity-destroying party's employment with the railroad company had "terminated almost fifteen months before the collision and that he was in no way connected with the acts of negligence ascribed to him." Id. at 881.

The standard for proving fraudulent joinder "is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action commenced." Montano v. Allstate Indemnity Co., 2000 WL 525592 at *2. The Tenth Circuit, in Montano v. Allstate Indemnity Co., also quoted from Batoff v. State Farm Ins. Co., 977 F.2d 848 (3d Cir. 1992), which stated: "A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction." Batoff v. State Farm Ins. Co., 977 F.2d at 853.

## ANALYSIS

Allen alleges that she was injured in a car accident with one of Allstate's insureds. She filed a lawsuit in state court alleging that Allstate had failed to reasonably settle her claim and committed violations of New Mexico law. She also named another New Mexico citizen, Alderete, as a Defendant. Nonetheless, Allstate removed the action to federal court, asserting that the joinder of Alderete was a sham, designed only to defeat diversity because Allen had no legitimate claims against her. The Court concludes, however, that Allstate has failed to prove that joining Alderete was fraudulent. Allen's claims against her are possibly viable under New Mexico law, and that is sufficient to preclude federal jurisdiction. Accordingly, the Court will remand the case to state court. The Court also concludes, however, that Allstate had objectively reasonable grounds to remove the case and so will not award Allen costs or fees.

### I. ALLSTATE HAS NOT DEMONSTRATED THAT ALDERETE WAS FRAUDULENTLY JOINED TO THIS LAWSUIT.

It is long-established law that complete diversity is required when federal jurisdiction is founded upon diversity of citizenship. See Strawbridge v. Curtiss, 7 U.S. 267 (1806). Because Allen, the Plaintiff, and Alderete, a Defendant, are both citizens of New Mexico, this Court cannot have jurisdiction over the case if Alderete is properly joined. Allstate contends that Allen's claims against Alderete are not legally valid and lack a good-faith factual basis and therefore Alderete was fraudulently joined. The Court disagrees. Allstate has not met the rigorous standards required to prove a fraudulent joinder. The Court cannot say, at this stage of the case, whether Allen's two claims are well established under New Mexico law. The Court also cannot say, however, that the two claims are not possibly viable against Alderete as an individual. Alderete was therefore properly joined. Accordingly, the Court lacks subject-matter jurisdiction and will remand this case

to the state court pursuant to 28 U.S.C. § 1447.

Resolving whether Allen has stated any viable claim against Alderete turns primarily upon the standard of review employed. While Montano v. Allstate Indemnity Co. is an unpublished Tenth Circuit case, the Court concludes that it represents the proper standard to be applied when a removing defendant argues that a non-diverse party was fraudulently joined. Monsanto v. Allstate Indemnity Co. is in accord with Smoot v. Chicago, Rock Island & Pac. R.R. Co., which although over forty-years old, is the last significant published Tenth Circuit decision on fraudulent joinder.[4] Smoot v. Chicago, Rock Island & Pac. R.R. Co. requires that fraudulent joinder be "established with complete certainty upon undisputed evidence." 378 F.2d at 882. Montano v. Allstate Indemnity Co. makes clear that the standard "is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6)." 2000 WL 525592 at *2.

Allstate makes two attacks on Allen's claims. One thrust is against the legal support for her claims, and the other is against the factual basis for her claims. Both are ultimately unavailing. Allen is able to show that her claims have sufficient legal merit to withstand a quick, simple analysis, and Allstate's contention that there is no factual foundation for Allen's claims is disputed.

Although Allstate's arguments are thorough and well-reasoned, they ultimately lead the Court into an "intricate analysis of state law" that itself tends to demonstrate that Allen's causes of action are "not so wholly insubstantial and frivolous that [they] may be disregarded for purposes of diversity jurisdiction." Batoff v. State Farm Ins. Co., 977 F.2d at 853. One of Allstate's main arguments is that Hovet v. Allstate Ins. Co. forecloses the possibility of a private UCPA suit against

---

[4] Mr. Strong also agreed that the standard had not evolved much, if at all, from Smoot v. Chicago, Rock Island & Pac. R.R. Co. to Montano v. Allstate Indemnity Co. See Tr. at 8:13-22 (Strong).

an insurance company's employees. The relevant language in Hovet v. Allstate Ins. Co. stated that the private right of action under the UCPA "is limited by statute to violations by insurance companies and their agents." 135 N.M. at 405, 89 P.3d at 77. The question thus becomes whether the term "agent" encompasses an adjuster or other insurance company employee. The context of the Supreme Court of New Mexico's statement is informative. The full text of the sentence is: "The private right of action under the Insurance Code is limited by statute to violations by insurance companies and their agents; attorneys are not included." The Supreme Court was responding to concerns raised "by amicus New Mexico Defense Lawyers Association regarding ethical implications of compelling attorneys to appear as witnesses in their own cases." Hovet v. Allstate Ins. Co., 135 N.M. at 405, 89 P.3d at 77. Giving the term "agents" its natural legal meaning, especially in the context of the Supreme Court's statement, could well lead a court to consider the UCPA private right of action to extend to lawsuits against adjusters.

This interpretation is supported by the holding in Dellaira v. Farmers Ins. Exchange that the UCPA "applies to adjusters as well as insurers." 136 N.M. at 557, 102 P.3d at 116. While Allstate argues that this case is inapplicable, because it does not deal with individual employee adjusters or with the existence of a private cause of action, Allen's construction of the case's holding is not implausible. And even if the issue was not squarely before the New Mexico Court of Appeals, the holding, given that it was a private lawsuit, could be considered as implicitly assuming a private cause of action against adjusters.

Allen's arguments might ultimately be unsuccessful if fully scrutinized. The fraudulent-joinder standard, however, "is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6)." Montano v. Allstate Indemnity Co., 2000 WL 525592 at *2. Allen's arguments about the UCPA have enough potential legal validity that dismissing them would require "the kind of

merits determination that, absent fraudulent joinder, should be left to the state court where the action commenced." Id.

Allen's arguments are also sufficiently supported factually. Allstate apparently does not use the title "adjuster" for anyone in the company. See Tr. at 41:13-17 (Berardinelli). Hence, the court must compare the legal definition of adjuster in the Insurance Code with what Alderete did. Allstate disputes that Alderete can even be considered an adjuster at all, and submitted an affidavit from Alderete to that effect. While this scenario is similar to Smoot v. Chicago, Rock Island & Pac. R.R. Co., there is an important difference. Allen maintains that Alderete, whatever her title, did act as an adjuster and advised Allstate's insured about policy rights. See Tr. at 38:9-40:9; 53:7-16 (Berardinelli). In Smoot v. Chicago, Rock Island & Pac. R.R. Co., the former employee's affidavit was undisputed. The plaintiff challenged that looking beyond the pleadings was impermissible in determining whether joinder was fraudulent. The circumstances are different here. Again, while Allen might ultimately be unsuccessful in showing that Alderete was acting as an adjuster, she had a good-faith basis for her position. That is enough. Any disputed issues of fact should be resolved in state court. A removal determination should not become a rule 12(b)(6) or a rule 56 inquiry. A federal court's jurisdictional inquiry is not a searching examination of the record; the disputed "issue must be capable of summary determination and be proven with complete certainty." Smoot v. Chicago, Rock Island & Pac. R.R. Co., 378 F.2d at 882. Allstate has not proven with complete certainty that there is no factual basis for Allen to allege that Alderete acted as an adjuster.

In the end, the Court finds the legal issues presented to be interesting, but too complicated to decide summarily. To decide the issues adequately and thoroughly, the Court would have to engage in a lengthy analysis and write a twenty-something page opinion. That analysis and opinion writing, under Monsanto v. Allstate Indemnity Co., should be left to the state court.

That Allen has at least one potentially viable claim is sufficient. See Montano v. Allstate Indemnity Co., 2000 WL 525592 at *2 ("[R]emand is required if any one of the claims against the non-diverse defendant . . . is possibly viable."). The Court need not determine whether Allen's contractual interference claim is similarly supported. The Court will also not exercise its discretion under rule 21 to drop Alderete from the lawsuit. "[T]here is a presumption against removal jurisdiction." Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995)(citations omitted). The general rule is that a plaintiff should be allowed to choose her forum. See Doe v. Allied-Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993). There are no federal issues in this case. Remand will allow state courts to rule on such disputed issues as the extent of a private cause of action under the UCPA. Moreover, rule 21 deals with "misjoinder of parties." Fed. R. Civ. P. 21. Allen maintains that Alderete was not misjoined; she was properly and deliberately joined as a party in the action when it was originally brought in state court.

## II. ALLSTATE HAD OBJECTIVELY REASONABLE GROUNDS FOR REMOVAL.

A federal court remanding a removed case to state court for lack of subject-matter jurisdiction "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court of the United States has recently clarified the standards governing an award of fees under § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). The Court concludes that Allstate's removal was objectively reasonable. While the Court decides against Allstate on the merits of the removal, Allstate had sound legal argument that its position was correct and reasonably believed that Alderete had not acted as an adjuster. Allstate's

removal was premised on a reasonable belief that there had been a fraudulent joinder. The Court does not find any unusual circumstances present that would warrant a departure from the rule that fees should be denied when removal was objectively reasonable.

**IT IS ORDERED** that the Memorandum Motion to Remand to State Court for Lack of Federal Jurisdiction and for Award of Costs and Fees is granted in part. The Court will remand the case to the Eight Judicial District Court, County of Taos, State of New Mexico. The Court will not grant Plaintiff Dorothy Allen fees and costs incurred as a result of the removal.

UNITED STATES DISTRICT JUDGE

*Counsel*:

Anthony G. Lopez
Taos, New Mexico

-- and --

David J. Berardinelli
Santa Fe, New Mexico

*Attorneys for the Plaintiff*

Stephen Simone
Meena H. Allen
Simone, Roberts & Weiss
Albuquerque, New Mexico

-- and --

Timothy M. Strong
Steptoe & Johnson, LLP
Phoenix, Arizona

*Attorneys for the Defendants*