**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

DOROTHY ALLEN,

Plaintiff,

vs. No. CIV 08-0733 JB/RHS

ALLSTATE INSURANCE COMPANY
and BETTY ALDERETE,

Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Notice of Re-Removal and/or Request to Reopen Removed Case Pursuant to Rule 60(b), filed August 7, 2009 (Doc. 33). The Court held a hearing on December 11, 2009. The primary issue is whether the Court should re-open and re-analyze its October 31, 2008 Memorandum Opinion and Order remanding the case to state court. Because 28 U.S.C. § 1447(d) bars district courts from reconsidering orders remanding cases for want of subject-matter jurisdiction, the Court will deny Defendant Allstate Insurance Company's filing to the extent that it is a motion for relief from judgment under rule 60(b).

**LAW REGARDING REVIEW OF REMAND ORDERS**

Section 1447(d) of Title 28 of the United States Code prohibits a court from reviewing a remand order "by appeal or otherwise." This prohibition extends to the court reviewing its own remand orders, as well as to appellate courts reviewing the others of district courts. The United States Court of Appeals for the Tenth Circuit has not yet ruled whether 28 U.S.C. § 1447 forecloses a district court's reconsideration of its own remand order, but numerous other courts have ruled that it does. For instance, the United States Court of Appeals for the Eleventh Circuit has held that §

1447(d)'s provision of "nonreviewability extends to the power of a district court to reconsider its own remand order." First Union Nat'l Bank v. Hall, 123 F.3d 1374, 1377 (11th Cir. 1997) (citations omitted). The United States Court of Appeals for the Fourth Circuit remarked that "[i]ndisputably, 'otherwise' in § 1447(d) includes reconsideration by the district court." In re Lowe, 102 F.3d 731, 734 (4th Cir. 1996)(citations omitted). See Three J Farms v. Alton Box Bd. Co., 609 F.2d 112, 115 (4th Cir. 1979)("Unquestionably, [§ 1447(d)] not only forecloses appellate review, but also bars reconsideration of such an order by the district court."). Similarly, the United States Court of Appeals for the First Circuit has ruled:

> [T]here is no more reason for a district court being able to review its own decision, and revoke the remand, than for an appellate court requiring it to do so. Both are foreclosed; nothing could be more inclusive than the phrase "on appeal or otherwise." The district court has one shot, right or wrong.

In re La Providencia Dev. Corp., 406 F.2d 251, 252-53 (1st Cir. 1969). The First Circuit explained the rationale behind this strict rule of nonreviewability:

> Removal in diversity cases, to the prejudice of state court jurisdiction, is a privilege to be strictly construed, and the state court proceedings are to be interfered with once, at most. This is not only in the interest of judicial economy, but out of respect for the state court and in recognition of principles of comity. The action must not ricochet back and forth depending upon the most recent determination of a federal court.

Id. at 252. Finally, two Districts in the Tenth Circuit -- the Districts of Kansas and Colorado -- have also found that they cannot review their own remand orders. See Maggio Enters. v. Hartford Cas. Ins. Co., 132 F. Supp. 2d 930, 931 (D. Colo. 2001)("Because a remand order deprives the district court of jurisdiction, the district court may not vacate or reconsider its order of remand.")(citations omitted); Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft, 67 F. Supp. 2d 1242, 1245 (D. Kan. 1999)("The broad language of Section 1447(d) clearly prohibits review of remand orders under Section 1447(c), and a motion for reconsideration is a form of review.")(citations omitted). See also

Consolidated Doors, Inc. v. Mid-America Door Co., 120 F. Supp. 2d 759, 764 (E.D. Wis. 2000)(noting the defendant's inability to find cases wherein "a court has reconsidered its remand order pursuant to Rule 60(b) [is] not difficult to discern," because "[t]here is a statute that deals explicitly with post-removal procedure. Title 28 U.S.C. § 1447(d)[.]"); Creekmore v. Food Lion, Inc., 797 F. Supp. 505, 510 (E.D. Va. 1992)("Unquestionably, [§ 1447(d)] not only forecloses appellate review, but also bars reconsideration of such an order by the district court. Both are foreclosed; nothing could be more inclusive than the phrase 'on appeal or otherwise.'")(quoting Three J Farms, Inc. v. Alton Box Bd. Co., 609 F.2d at 115); City of Valparaiso v. Iron Workers Local Union 395, 118 F.R.D. 466, 468 (N.D. Ind. 1987)("[I]t is universally held that once a federal district court remands a case and mails a certified copy of its order to the state court, the district court loses all jurisdiction, even if it later changes its mind.")(citing New Orleans Pub. Serv., Inc. v. Majoue, 802 F.2d 166, 167 (5th Cir. 1986); Boone Coal and Timber Co. v. Polan, 787 F.2d 1056, 1059-1061 (6th Cir. 1986); Pelleport Investors, Inc. v. Budco Quality Theatres, 741 F.2d 273, 279 n. 3 (9th Cir. 1984); Three J. Farms, Inc. v. Alton Box Bd. Co., 609 F.2d at 115; Fed. Deposit Ins. Corp. v. Santiago Plaza, 598 F.2d 634, 636 (1st Cir. 1969); 14A C. Wright & A. Miller, Fed. Prac. & Proc. § 3739 (1985 & Supp. 1987); 1A J. Moore, et al., Moore's Federal Practice ¶ 0.169 [2.-1] (2d ed. 1987)). But see Long v. American Red Cross, No. C2-92-566, 1992 WL 566292, at *4 (S.D. Ohio Oct 8, 1992)(noting that it could review its own non-final remand ruling without running afoul of § 1447(d) because "[t]hat prohibition against review . . . is directed toward appellate review.")(citing Thermtron Prods. v. Hermansdorfer, 423 U.S. 336 (1976)).

This Court has already held that § 1447(d) bars it from reviewing its remand orders. In Schoen v. Presbyterian Health Plan, Inc., Nos. Civ. 08-0687 JB/WDS, 08-0970 JB/WDS, 2009 WL 2450227 (D.N.M. July 29, 2009), Presbyterian Health Plan, Inc. asked the Court to reconsider a

prior order remanding a state administrative appeal to state court for lack of subject-matter jurisdiction. The Court concluded "that, under § 1447(d), it does not have authority to reconsider its decision to remand for lack of subject-matter jurisdiction, and that jurisdiction over the appeal lies in state court." Schoen v. Presbyterian Health Plan, Inc., 2009 WL 2450227, at *2. Earlier, in Chaara v. Intel Corp., No. CIV-05-278 JB/RLP, 2006 WL 4060670 (D.N.M. Nov. 21, 2006), Plaintiff Chaara sought reconsideration of an order of this Court remanding some claims back to state court. Chaara v. Intel Corp., 2006 WL 4060670, at **1-2. The Court denied the motion to reconsider, both "[b]ecause the Court [did] not believe that Chaara [had] satisfied the standard required for granting a rule 59(e) motion to reconsider . . . , and because it appears that the Court is foreclosed from reconsidering its remand determination." Id. at *6.

**RELEVANT LAW ON RULE 60(b) RELIEF FROM JUDGMENT**

Rule 60(b) allows courts to relieve parties from final judgments or orders. Rule 60(b)(1) to 60(b)(5) lays out some particular circumstances in which relief may be granted. Pursuant to rule 60(b)(6), "[o]n motion and upon just terms," a court may relieve a party from "a final judgment, order, or proceeding for . . . any other reason that justifies relief." The Tenth Circuit has characterized rule 60(b)(6) as "a grand reservoir of equitable power to do justice in a particular case." Cashner v. Freedom Stores Inc., 98 F.3d 572, 579 (10th Cir. 1996)(internal quotation marks omitted). The rule "seek[s] to strike a delicate balance between countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts." Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc., 715 F.2d 1442, 1444 (10th Cir. 1983)(quoting Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 401 (5th Cir. 1981)(emphasis added in the original)). Relief under rule 60(b)(6) is within a court's discretion and can be granted in "exceptional circumstances" when such relief is "necessary to accomplish

justice." Cashner v. Freedom Stores, Inc., 98 F.3d at 579. When "circumstances are so 'unusual or compelling' that extraordinary relief is warranted, or it 'offends justice' to deny such relief, [r]elief under Rule 60(b)(6) is appropriate." Cashner v. Freedom Stores, Inc., 98 F.3d at 580 (quoting Pelican Prod. Corp. v. Marino, 893 F.3d 1143, 1147 (10th Cir. 1990).

**ANALYSIS**

The Court granted Allen's first motion to remand, filed September 5, 2008, see Memorandum Opinion and Order, filed October 31, 2008 (Doc. 30), and has entered a Final Judgment in this matter, remanding the case to New Mexico state court, see Final Judgment, filed October 31, 2009 (Doc. 31). To the extent that this filing is a motion for relief from judgment under rule 60(b), such motion asks the Court to review the propriety of its order of remand for want of subject-matter jurisdiction.[1] The Court can grant the relief that Allstate seeks only by looking at the prior order of remand and determining that it was improper. Such analysis would constitute "review." The Oxford English Dictionary defines review as:

> 1. . . . To see or behold again. . . . 2. To view, inspect, or examine a second time or again. (In contrast to view.) . . . 3. a. To look over or through (a book, etc.) in order to correct or improve; to revise. . . . b. To re-examine; to reconsider. . . . 4. Law. To submit (a decree, act, etc.) to examination or revision.

Oxford English Dictionary Online, "**review**, *v*." (2d ed. 1989, Oxford University Press), *available at* http://dictionary.oed.com/cgi/entry/50205445 (last accessed Jan. 4, 2010). Black's Law Dictionary contains a similar definition: "**review**, *n.* 1. Consideration, inspection, or reexamination of a subject or thing." Black's Law Dictionary 1434 (9th ed. 2009). See Creekmore v. Food Lion, Inc., 797 F. Supp. at 510 (holding that § 1447(d) prohibits relief under rule 60(b) for remand orders

---

[1] In this Memorandum Opinion and Order, the Court disposes of this filing only to the extent that it is a motion for relief from judgment. To the extent that it is a second notice of removal, the Court will deal with it in a subsequent opinion.

issued for reasons contemplated by § 1447(c), including want of subject-matter jurisdiction). The Court concludes that it does not have jurisdiction to review the remand order in this case. Thus, for the reasons stated above, the reasons stated on the record, and for further reasons consistent with those already stated, the Court will deny Allstate's request to reopen the remanded case pursuant to rule 60(b).

**IT IS ORDERED** that Defendant Allstate Insurance Company's request that the Court reopen this case pursuant to rule 60(b) in its Notice of Re-Removal and/or Request to Reopen Removed Case Pursuant to Rule 60(b), to the extent that it is a motion for relief from judgment under rule 60(b) of the Federal Rules of Civil Procedure, is denied.

UNITED STATES DISTRICT JUDGE

*Counsel*:

Anthony G. Lopez
Anthony G. Lopez Attorney at Law
Taos, New Mexico

-- and --

David J. Berardinelli
Berardinelli Law Firm
Santa Fe, New Mexico

*Attorneys for the Plaintiff*

Jennifer A. Noya
Lisa Mann
Modrall Sperling Roehl Harris & Sisk, P.A.
Albuquerque, New Mexico

*Attorneys for Defendant Allstate Insurance Company*

Timothy M. Strong
Steptoe & Johnson, LLP
Phoenix, Arizona

*Attorney for Defendants Allstate Insurance Company and Betty Alderete*