IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DOROTHY ALLEN,

    Plaintiff,

vs.                                                                                                          No. CIV 08-0733 JB/RHS

ALLSTATE INSURANCE COMPANY
and BETTY ALDERETE,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Remand, filed September 8, 2009 (Doc. 40). The Court held a hearing on December 11, 2009. The primary issues are: (i) whether the Court may review or reconsider its previous Memorandum Opinion and Order, filed October 31, 2008 (Doc. 30); (ii) whether the Court should again remand this case to the New Mexico state court from whence it came; and (iii) whether the Court should award to Plaintiff Dorothy Allen the costs and fees associated with this motion. For the reasons stated on the record, the reasons stated below, and further reasons consistent with those stated, the Court will grant the Plaintiffs motion to remand, but deny her request for costs and fees.

**PROCEDURAL BACKGROUND**

Allen filed her case in the Eighth Judicial District Court of New Mexico, in Taos County. See Notice of Removal at 1, filed August 6, 2008 (Doc. 1). Allen, an alleged New Mexico citizen, sued Defendant Allstate Insurance Co. ("Allstate"), an Illinois Corporation with its principal place of business in Illinois, and Betty Alderete, another alleged New Mexico resident. See Complaint for Damages for Violation of the Unfair Claims Practices Act and Intentional Interference with

Statutory and Contractual Rights ¶¶ 1, 2, 4, at 1-2, filed August 6, 2008 (Doc. 1-2); Notice of Removal ¶¶ 8-10, at 2. The parties were not, at that time, completely diverse.

On August 6, 2008, the Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1441, basing the Court's original subject-matter jurisdiction on 28 U.S.C. § 1332(a) -- diversity. See Notice of Removal ¶¶ 8-10, at 2. Allstate alleged that Allen had fraudulently joined Alderete, and that, therefore, the Court should ignore Alderete when assessing the parties' complete diversity.[1] See Notice of Removal ¶¶ 11-30, at 2-8. On September 5, 2008, Allen filed a motion to remand to New Mexico state court, asserting that she had adequately pled causes of action against Alderete and that, therefore, joinder of Alderete was not fraudulent. See Memorandum Motion to Remand to State Court for Lack of Federal Jurisdiction and for Award of Costs and Fees at 7-14, filed September 5, 2008 (Doc. 12). The Court agreed with Allen and remanded the case to state court on October 31, 2008. See Memorandum Opinion and Order, filed October 31, 2008 (Doc. 30); Final Judgment, filed October 31, 2008 (Doc. 31).

On August 7, 2009 -- roughly one year and one month from the filing of Allen's Complaint in state court -- Allstate attempted to re-remove the case, or, alternatively, to re-open the case pursuant to rule 60(b) of the Federal Rules of Civil Procedure. See Notice of Re-Removal and/or Request to Reopen Removed Case Pursuant to Rule 60(b), filed August 7, 2009 (Doc. 33)("Notice of Re-Removal"). This time, Allstate again asserts that Allen fraudulently joined Alderete and that

---

[1] With Alderete excluded from the analysis, the only remaining parties would be Allstate, a citizen of Illinois, and Allen, a resident of New Mexico. Assuming, as the parties did, that pleading residence is sufficient to satisfy the citizenship requirement of diversity, the parties were completely diverse. As will be repeated below, residence is not equivalent to domicile or citizenship, but is prima facie evidence of citizenship. See State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994)("Residence alone is not the equivalent of citizenship, but the place of residence is prima facie the domicile.").

the Court should ignore Alderete when analyzing whether complete diversity exists, but also argues that Allen is a citizen of California, not New Mexico, so complete diversity exists regardless whether the Court considers Alderete.  See Notice of Re-Removal ¶¶ 7-18, at 2-5.  Allen moves the Court, pursuant to 28 U.S.C. § 1447, to remand this case again to the District Court of the Eight Judicial District in and for the County of Taos.  Allen also filed a brief contemporaneously with her motion.  See Memorandum Brief in Support of Plaintiff's Motion to Remand, filed September 8, 2009 (Doc. 41)("Plaintiff's Memo.").  In her brief, Allen raises four interrelated argument that, she asserts, demand remand: (i) that § 1447(d) bars the Court from re-analyzing its October 31, 2008 Memorandum Opinion and Order; (ii) that Allstate's Notice of Re-Removal, to the extent that it is a notice of removal, is untimely under 28 U.S.C. § 1446(b); (iii) that the Defendants' new evidence does not establish that Allen engaged in forum manipulation sufficient to warrant a finding that joinder of Alderete was fraudulent; and (iv) that Allen's testimony that she lives in California and does not own property in New Mexico does not show that she was not a resident of New Mexico when the suit was filed.

## RELEVANT LAW ON DIVERSITY JURISDICTION IN FEDERAL COURT

Section 1332 of Title 28 of the United States Code grants the federal district courts original jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."  28 U.S.C. § 1332(a).  The Supreme Court of the United States has described this statutory diversity requirement as "complete diversity," and it is present only when no party on one side of a dispute shares citizenship with any party on the other side of a dispute.  See Strawbridge v. Curtiss, 7 U.S. 267, 267-68 (1806); McPhail v. Deere & Co., 529 F.3d 947, 951 (10th Cir. 2008)(citing Strawbridge v. Curtis).

For diversity-jurisdiction purposes, citizenship is determined by a person's domicile.  See

Crawley v. Glaze, 710 F.2d 776, 678 (10th Cir. 1983). A person's domicile is defined as the place in which the party has a residence in fact and an intent to remain indefinitely, as of the time of the filing of the lawsuit. See id. See also Freeport-McMoRan, Inc. v. KN Energy, Inc., 498 U.S. 426, 428 (1991)(holding that diversity jurisdiction is assessed as of the time the suit is filed); Shaw v. AAA Engineering & Drafting Inc., 138 Fed. Appx. 62, 70 (10th Cir. 2005). If these elements cannot be established as to any place, the person's domicile is their parents' domicile at the person's birth. See Gates v. C.I.R., 199 F.2d 291, 294 (10th Cir. 1952)("[T]he law assigns to every child at its birth a domicile of origin. The domicile of origin which the law attributes to an individual is the domicile of his parents. It continues until another domicile is lawfully acquired."). And, while residence and citizenship are not the same, a person's place of residence is *prima facie* evidence of his or her citizenship. See State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d at 520.

## RELEVANT LAW ON REMOVAL AND REMAND

Congress has statutorily provided a procedure for removal. A defendant must be careful to meet all statutory requirements for removal. Moreover, the removing defendant bears the burden of establishing that removal is proper.

### 1. Procedure for Removal.

Congress has allowed certain defendants to remove cases over which federal courts would have original jurisdiction. Because the right to removal is a statutory right, the defendants removing a case must carefully follow all statutory requirements. Moreover, the removing defendant -- rather than the plaintiff -- has the burden of proving jurisdiction and of establishing the right to removal, and that burden is by a preponderance of the evidence. See McPhail v. Deere & Co., 529 F.3d at 953 ("[A]ccording to this and most other courts, the defendant is required to prove jurisdictional facts by a 'preponderance of the evidence.'"); Karnes v. Boeing Co., 335 F.3d 1189, 1194 (10th Cir.

2003)("[W]e emphasize that the burden is on [the defendant] to show jurisdiction by a preponderance of the evidence.").

A defendant may remove a state civil action "to the district court of the United States for the district and division embracing the place where such action is pending" if the federal district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). The right to remove is purely statutory. See Chavez v. Kincaid, 15 F. Supp. 2d 1118, 1119 (D.N.M. 1998)(Campos, J.); Spillers v. Tillman, 959 F. Supp. 364, 368 (S.D. Miss.1997)(citing Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985)). Title 28, § 1441 of the United States Code states, in relevant part:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending . . . .
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties . . . .

28 U.S.C. §1441. Removal statutes are strictly construed, and ambiguities should be resolved in favor of remand. See Fajen v. Foundation Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992) (citation omitted). "[A]ll doubts are to be resolved against removal." Fajen v. Foundation Reserve Ins. Co., 683 F.2d at 333.

**2.    Motions to Remand.**

If a defendant has removed a matter to federal court, the plaintiff may object to the removal by filing a motion to remand in federal district court. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 69 (1996). Under 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of

removal under section 1446(a)." 28 U.S.C. § 1447(c).  Furthermore, at least in cases in which the Complaint was not removable as initially filed, a plaintiff must make any diversity-based removal within one year of the commencement of the action.  See 28 U.S.C. § 1446(b).  The statute providing for remand also states: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).

### 3. Attorney's Fees Under 28 U.S.C. § 1447(c).

A federal court remanding a removed case to state court for lack of subject-matter jurisdiction "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  The Supreme Court of the United States has recently clarified the standards governing an award of fees under § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  It is not necessary that the plaintiff show that the defendants acted in bad faith to win attorney's fees.  See Topeka Housing Auth. v. Johnson, 404 F.3d 1245, 1248 (10th Cir. 2005).

## ANALYSIS

Allstate raises a number of arguments in support of its request that the Court either reopen its remand order under rule 60(b) of the Federal Rules of Civil Procedure or, in the alternative, in support of its second attempted removal.  The Court, however, is not convinced by any of Allstate's arguments.  Finding that the Court lacks jurisdiction to reopen its prior remand order and that Allstate has failed to timely file its second notice of removal, the Court will grant Allen's motion, and remand the case and all remaining claims to the Eighth Judicial District Court of New Mexico, in Taos County.

### I. THE COURT WILL NOT RE-OPEN AND RE-ANALYZE ITS ORDER GRANTING REMAND FOR WANT OF SUBJECT-MATTER JURISDICTION.

Allstate styles its August 7, 2009 filing a "Notice of Re-Removal and/or Request to Reopen." In her motion, Allen argues that the Court cannot "reopen" its prior Memorandum Opinion and Order, because such action would be review of an order of remand "by appeal or otherwise," which 28 U.S.C. § 1447(d) forbids. See Plaintiff's Memo. at 5-8. The Court agrees. As the Court discussed in a Memorandum Opinion and Order filed January 8, 2010, 28 U.S.C. § 1447(d) forbids a district court from reviewing its prior Memorandum Opinion and Order granting Allen's motion to remand. See Memorandum Opinion and Order at 6, filed January 8, 2010 (Doc. 52). The Court will therefore assume its prior order of remand was correct and treat Allstate's filing solely as a notice of removal.

### II. ALLSTATE'S REMOVAL IS UNTIMELY AND IT CANNOT JUSTIFY THE COURT GRANTING AN EXCEPTION TO THE ONE-YEAR TIME LIMIT.

In its Notice of Re-Removal, Allstate makes a series of allegations that it believes justify a second attempt at removing this case to federal court. First, Allstate alleges that on July 8, 2009, "days after the one-year removal 'window' ran," Allen amended her Complaint to drop Alderete as a defendant. Notice of Re-Removal ¶ 6, at 2. It next alleges that, in Allen's deposition of July 29, 2009, Allen testified that she did not know why she sued Alderete and that her attorney had assured her that Alderete would not be harmed by being named as a defendant in the suit. See Notice of Re-Removal ¶ 7, at 2-3. Finally, Allstate alleges that, in that same deposition, Allen testified that she had resided in California for the past three years and owned no property in New Mexico. See id. Allstate argues that these newly-discovered facts provide a new factual basis for removal -- both because it is now more clear that Alderete was fraudulently joined to defeat diversity jurisdiction and because it is now clear that Allen is a citizen of California, not New Mexico, and so the case has

been completely diverse from day one. The Court cannot re-open its analysis of whether Allen fraudulently joined Alderete to defeat federal jurisdiction because that would constitute review of an order of remand for want of subject-matter jurisdiction. The Court will therefore only determine whether the newly discovered facts justify removal on the basis of Allen's alleged California citizenship.

### A. ALLSTATE HAS FAILED TO SHOW THAT ALLEN IS NOT A CITIZEN OF NEW MEXICO.

First of all, Allstate's new factual allegations do not meet its burden of showing that Allen is a citizen of California, rather than New Mexico, so as to defeat Allen's allegation of New Mexico citizenship. For diversity-jurisdiction purposes, citizenship is determined by a person's domicile, which is defined as the place where that person resides with intent to remain indefinitely. See Crawley v. Glaze, 710 F.2d at 678. See also Freeport-McMoRan, Inc. v. KN Energy, Inc., 498 U.S. at 428; Shaw v. AAA Eng'g & Drafting Inc., 138 Fed. Appx. at 70.

Allstate's new evidence, if given its fullest weight, shows that Allen has lived for three years in California and does not own property in New Mexico. See Notice of Re-Removal ¶ 7, at 2-3. Allstate argues that "Plaintiff herself revealed at her deposition that her actual citizenship at the time of the filing of her Complaint was, and remains, California." Id. ¶ 9, at 3. The statements by Allen, however, do not establish Allen's citizenship, but are evidence only of her state of residence. Until Allen intends to remain in California indefinitely, her citizenship remains in New Mexico -- her alleged prior state of residence. See Crawley v. Glaze, 710 F.2d at 678. Allen's California residence is *prima facie* evidence of California citizenship, see State Farm Mut. Auto Ins. Co. v. Dyer, 19 F.3d at 520, and living there for three years constitutes evidence of an intent to remain indefinitely, but it does not rise to the level of a preponderance of the evidence. Allen has testified

in deposition that she considers New Mexico to be her home, which the Court interprets as evidence that she has never intended to remain indefinitely in California; rather, the Court believes that Allen intends to return to New Mexico at some point in the future, if possible. See Deposition of Dorothy Allen at 136:1-137:14 (taken July 29, 2009)(stating that she and her sons "consider our home New Mexico. That is home. I was home this morning. But we go back and forth, and the boys do."). There is no evidence of where Allen votes, though she did testify that she receives her social security check at her address in California. See Allen Depo. at 136:24-137:2. And, while Allen does not own a house, her son owns one in New Mexico that, she asserts, the family considers to be the family residence. See id. at 136:11-23. The Court does not have the sort of robust record that it is accustomed to in ruling on its diversity jurisdiction, but it nevertheless finds that the preponderance of the evidence weighs in favor of finding that Allen has not shed her New Mexico citizenship for diversity purposes. See McPhail v. Deere & Co., 529 F.3d at 953; Karnes v. Boeing Co., 335 F.3d at 1194. The Court therefore finds that Allstate has not shown, by a preponderance of the evidence, that complete diversity exists. Accordingly, remand is warranted.

### B. THE ONE-YEAR LIMITATIONS PERIOD ON DIVERSITY REMOVALS BARS ALLSTATE'S SECOND NOTICE OF REMOVAL.

Even if the Court found complete diversity, there is another roadblock to Allstate's removal. One practical difference between treating Allstate's filing as a notice of removal, rather than a motion for relief from judgment under rule 60(b), is that Allstate must now deal with the one-year limit on diversity removals of 28 U.S.C. § 1446(b). That statute provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the

action.

28 U.S.C. § 1446(b). Finding that § 1447(d) bars re-analyzing the propriety of the Court's prior remand order makes the applicability of this provision beyond dispute, as the Court is now bound to assume that this case is one in which "the initial pleading is not removable." 28 U.S.C. § 1446(b). Thus, the Court must remand this case to state court because the Defendants' second notice of removal was (i) based on 28 U.S.C. § 1332, and (ii) filed more than one year after commencement of the action.

The Court acknowledges that some courts apply an exception to the one-year limitations period on diversity-based removals when the defendant can show that the plaintiff joined the jurisdiction-spoiling defendant purely to avoid federal jurisdiction. See Tedford v. Warner-Lambert Co., 327 F.3d 423, 426-27 (5th Cir. 2003); Caudill v. Ford Motor Co., 271 F. Supp. 2d 1324, 1326-27 (N.D. Okla. 2003)(collecting cases); 14 C. Wright, A. Miller, et al., Fed. Prac. & Proc. Juris. § 3731, at 609-15 & n.117 (4th ed.)(collecting cases). Allstate, however, has failed to provide binding authority indicating that the United States Court of Appeals for the Tenth Circuit has adopted such an exception. The Court is also reluctant to create an exception that the plain language of the statute does not appear to permit. Furthermore, Allstate has failed to convince the Court that this case involved the kind of blatant forum manipulation that would justify applying equitable tolling to the one-year removal period. The Court therefore grants Allen's motion to remand.

## III.   THE COURT WILL DENY ALLEN'S REQUEST FOR COSTS AND FEES.

In Allen's reply brief, she argues that she is entitled to an award of costs and fees under 28 U.S.C. § 1447(c), and argues that the Court should consider sanctioning Allstate under rule 11 for its attempted second removal. See Reply to Response to Motion to Remand to State Court for Lack of Federal Jurisdiction and for Award of Costs and Fees at 11, filed October 15, 2009 (Doc. 45).

Because the Court is granting Allen's motion to remand, it has power to award fees. See 28 U.S.C. § 1447(c). The Supreme Court of the United States has warned, however, that "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. at 141. The Court finds that Allstate has made good-faith arguments and has found some authority to support its position that a second removal was appropriate. The Court will therefore deny Allen's request for costs and fees under § 1447(c).

**IT IS ORDERED** that the Plaintiff's Motion to Remand is granted in part and denied in part. This case and all remaining claims are hereby remanded to the Eighth Judicial District Court of New Mexico, Taos County. Plaintiff Dorothy Allen's request for an award of fees and costs under 28 U.S.C. § 1447(c) is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Anthony G. Lopez
Anthony G. Lopez Attorney at Law
Taos, New Mexico

-and-

David J. Berardinelli
Berardinelli Law Firm
Santa Fe, New Mexico

    *Attorneys for the Plaintiff*

Jennifer A. Noya
Lisa Mann
Modrall Sperling Roehl Harris & Sisk, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendant Allstate Insurance Company*

Timothy M. Strong
Steptoe & Johnson LLP
Phoenix, AZ

    *Attorney for Defendants Allstate Insurance Company and Betty Alderete*